JOHN J. GILLILAN ET AL., APPELLANTS, V. SIDNEY V. MURPHY ET AL., APPELLEES.

FILED DECEMBER 2, 1896.   No. 6951.

**Deficiency Judgment:** COLLATERAL ATTACK: EVIDENCE.  In a collateral proceeding by which is attacked a deficiency judgment as having been entered without notice of the pendency of the motion

therefor, evidence cannot be considered which in its nature is merely contradictory of satisfactory proof of service submitted to the court by which the deficiency judgment was entered.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J.

*W. B. Comstock* and *John P. Maule,* for appellants.

*Daniel F. Osgood, contra.*

RYAN, C.

Mary J. Canfield executed two notes to A. D. Kitchen and John J. Gillilan. By indorsement in blank, Kitchen and Gillilan transferred these notes to Sidney V. Murphy. In a proceeding for the foreclosure of a mortgage securing said notes the indorsers as such were made defendants in the district court of Lancaster county. There was a decree which, by Mary J. Canfield, was stayed conformably to the provisions of section 477*b* of the Code of Civil Procedure. After the expiration of the period of stay there was a sale of the mortgaged premises, followed by a deficiency judgment against Kitchen and Gillilan and Mary Canfield for the amount of the balance owing to Murphy. For the collection of this deficiency judgment an execution was issued and placed in the hands of the sheriff of Lancaster county. As sole plaintiffs, Gillilan and Kitchen began this action, in which Murphy and Sheriff McClay were made defendants. Its object is perhaps most accurately stated by quoting the prayer of the petition, which was in this language: "The plaintiffs therefore pray that said defendants be enjoined from levying said execution upon the property of the plaintiffs or from in any way acting upon the same, and that, upon the final hearing of this case, said judgment may be set aside and held for naught, and for such other and further relief as equity may require." If this prayer had been granted the deficiency judgment would have been in effect vacated as well against Mary J. Canfield

as against Gillilan and Kitchen.    It is probable that the fact that Mary J. Canfield had availed herself of the benefit of a stay influenced the action of counsel in omitting to make her a party plaintiff.    Whatever may be the reason for this omission, it is clear that it must operate to prevent an inquiry into the merits of the original decree. The alleged errors in the rendition of a deficiency judgment cannot be reviewed in this a purely collateral proceeding, and this observation is applicable to that with which it is sought to affect the original decree.    This leaves but a question of fact for our consideration, and that is as to whether or not notice of the pendency of the motion for a deficiency judgment was served on Mr. Gillilan and Mr. Kitchen.    In presenting this question counsel on both sides comment on the evidence elicited in this case as though that alone should govern.    It is perhaps unnecessary to repeat that by this action it is sought collaterally to question the validity of the deficiency judgment.    In the record of the confirmation and of the entry of a deficiency judgment we find that there was an affidavit of service of the notice of the pendency of a motion for a deficiency judgment in this language: "John B. Cunningham, being by me first duly sworn, deposes and says that he served a copy of the above notice to A. D. Kitchen and J. J. Gillilan by their attorney, John P. Maule, and on Mary J. Canfield by leaving at her usual place of residence, and was served on each and all of the parties on the 26th day of June, 1893." This was such proof of service as justified the district court in acting on the motion to which it referred.    In this collateral proceeding we certainly cannot inquire into the sufficiency of the evidence to sustain the judgment assailed.    Even in the same action the sufficiency of this evidence would be presumed in support of the ruling of the court, and in a collateral action this presumption is conclusive under the circumstances of this case.    The judgment of the district court is

AFFIRMED.